UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| SHARON LACHNEY, ARTHUR LACHNEY, SANTANA LACHNEY, INDIVIDUALLY AND ON BEHALF OF THE MINOR CHILD, DA'NAYLA LACHNEY, AND DARRELL SAMPSON, ON BEHALF OF THE MINOR CHILD, DA'NAYLA LACHNEY | CIVIL ACTION NO.: JUDGE: MAGISTRATE JUDGE: |
| *Plaintiffs* | |
| v. | |
| CITY OF MARKSVILLE, ELSTER SMITH, JR., INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS CHIEF OF POLICE, DOUGLAS ANDERSON, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS AVOYELLES PARISH SHERIFF, AVOYELLES PARISH SHERIFF'S OFFICE, BRYAN BERNARD, INDIVIDUALLY AND IN HIS CAPACITY AS EMPLOYEE OF CITY OF MARKSVILLE, DAN SCHAUB, INDIVIDUALLY AND IN HIS CAPACITY OF EMPLOYEE OF AVOYELLES PARISH SHERIFF'S OFFICE AND DOUGLAS ANDERSON, INDIDIVUALLY AND IN HIS CAPACITY AS AVOYELLES PARISH SHERIFF & PARISH OF AVOYELLES | |
| *Defendants* | |

**COMPLAINT**

**NOW INTO COURT**, come plaintiffs, Sharon Lachney, Arthur Lachney, Santana

Lachney, Individually and on behalf of the Minor Child, Da'nayla Lachney, and Darrell Sampson,

1

on behalf of the Minor Child, Da'Nayla Lachney, who submit this Complaint and seek damages, redress and relief, as follows:

1.     Sharon Lachney was recklessly permitted to enter in the line of fire during a standoff between law enforcement officers and Sharon Lachney's son, Will Lachney, by Dan Schaub, individually and as an agent of Douglas Anderson, Individually and in his Official Capacity as Avoyelles Parish Sheriff and the Avoyelles Parish Sheriff's Office and subsequently shot and critically injured by defendant Bryan Bernard, individually and as an agent of the City of Marksville police department on November 4, 2016 in Marksville, Louisiana as a result of the objectively unreasonable and unconstitutionally deadly force.

2.     The shooting of Sharon Lachney was witnessed by Sharon Lachney's daughter, Santana Lachney, Sharon Lachney's son, Arthur Lachney, and Sharon Lachney's grandchild, Da'nayla Lachney.

3.     This is a civil action seeking damages against defendants for committing acts under color of law, and depriving plaintiffs of rights secured by the Constitution and laws of the United States, and the State of Louisiana.

4.     Through this action, plaintiffs seek all relief to which they may be entitled under the law, including an award of compensatory damages, punitive damages, attorney fees, and costs from defendants for the deprivation and violation of plaintiffs' and Jeremy's rights under the United States Constitution and Louisiana law, including but not limited to the Louisiana State Constitution.  Plaintiffs contend that defendants are guilty of certain acts and/or omissions, created, maintained, and/or engaged in policies, procedures, practices, and/or customs which have contravened and violated the rights guaranteed to plaintiffs under the Fourth and Fourteenth

Amendments to the United States Constitution, as well as various provisions of Louisiana law including but not limited to the Louisiana Constitution, Article I, §§2 & 5.

5.     This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.  This action is also brought under and pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of Plaintiffs' rights guaranteed under the United States Constitution including the Fourth and Fourteenth Amendments.

6.     Venue is proper in the Western District of Louisiana pursuant to 28 U.S.C. § 1391 in that all of the relevant events, acts and omissions occurred in this judicial district, the defendants maintain offices in this judicial district, the defendants regularly conduct business in this district and/or the defendants reside in this judicial district.

7.     This Court also has supplemental jurisdiction over the Louisiana state law claims asserted herein pursuant to 28 U.S.C. § 1367, including but not limited to claims asserted pursuant to La-C.C. arts. 2315, 2315.6, 2316, 2317 and 2320, the Louisiana Revised Statutes, and for violations of Article I, Sections 2 & 5 of the Louisiana Constitution.

**Plaintiffs:**

8.     Plaintiff, Sharon Lachney, is a resident of and domiciled in Avoyelles Parish, Louisiana, and is a citizen of the United States of America and the State of Louisiana.

9.     Plaintiff, Santana Lachney, individually and on behalf of the minor child, Da'Nayla Lachney, is a resident of and domiciled in Avoyelles Parish, Louisiana, and is a citizen of the United States of America and the State of Louisiana.

10.     Plaintiff, Arthur Lachney, is a resident of and domiciled in Avoyelles Parish, Louisiana, and is a citizen of the United States of America and the State of Louisiana.

11.     Plaintiff, Darrell Sampson, on behalf of the minor child, Da'Nayla Lachney, is a resident of and domiciled in Avoyelles Parish, Louisiana, and is a citizen of the United States of America and the State of Louisiana.

**Defendants:**

12.     City of Marksville is a municipality and political subdivision of the State of Louisiana.  For purposes of this complaint, references to departments or subdivisions within the City of Marksville such as "Marksville Police Department" or "MPD" are intended to refer to the City of Marksville and the individuals acting within the department or subdivision, as appropriate. The City of Marksville's agent is Mayor John H. Lemoine, 427 North Washington Street, Marksville, LA 71351.

13.     Elster Smith, Jr., individually and in his official capacity as Chief of Police of the City of Marksville, is a resident of and domiciled in Avoyelles Parish, Louisiana, and is a citizen of the United States of America and the State of Louisiana.

14.     Douglas Anderson, individually and in his capacity as Avoyelles Parish Sheriff, is a resident of and domiciled in Avoyelles Parish, Louisiana, and is a citizen of the United States of America and the State of Louisiana.

15.     Avoyelles Parish Sheriff's Office is a political subdivision and/or public entity of the State of Louisiana domiciled in Avoyelles Parish, Louisiana, and is a citizen of the United States of America and the State of Louisiana.  Avoyelles Parish Sheriff's Office may be served through Sheriff Douglas Anderson at 675 Government Street, Marksville, Louisiana 71351.

16.     Parish of Avoyelles is a political subdivision of the State of Louisiana which may be served through the President of the Avoyelles Parish Policy Jury, Col. Charles B. Jones, at 213 N. Main St., Marksville, LA 71351.

4

17.     Bryan Bernard, individually and as employee or agent or officer of the City of Marksville, is a resident of and domiciled in Avoyelles Parish, Louisiana, and is a citizen of the United States of America and the State of Louisiana.

18.     Dan Schaub, individually and as employee or agent or officer of Avoyelles Parish Sheriff's Office and Douglas Anderson, individually and in his capacity as Avoyelles Parish Sheriff, is a resident of and domiciled in Avoyelles Parish, Louisiana, and is a citizen of the United States of America and the State of Louisiana.

19.     Each of the foregoing facts and paragraphs is incorporated as if fully set forth herein.  Moreover, the facts set forth in the remainder of this Complaint are applicable to all Counts, Claims, Rights, and Causes of Action asserted herein in order to provide context specificity.

20.     For purposes of this Complaint, plaintiffs will use the terms deputy city marshal, law enforcement officer, police officer, peace officer or simply officer.  These terms are used and to be taken in context and are intended to be synonymous, unless otherwise indicated.

21.     The tragic series of events that give rise to this case occurred on November 4, 2015 in Marksville, Louisiana. Marksville is located in Avoyelles Parish.

22.     On November 4, 2015, Will Lachney, the son of Sharon Lachney, was engaged in a standoff with law enforcement after Will Lachney illegally obtained a firearm.

23.     Law enforcement officials took notice that during the standoff, Will Lachney was in an agitated state and possibly under the influence of narcotics.

24.     During the early stages of the standoff, Will Lachney discharged his firearm in the direction of law enforcement officers.

25.     Sharon Lachney arrived at the scene of the standoff and was negligently and recklessly permitted by Dan Schaub, individually and as employee or agent or officer of Avoyelles Parish Sheriff's Office and Douglas Anderson, individually and in his capacity as Avoyelles Parish Sheriff, is a resident of and domiciled in Avoyelles Parish, Louisiana, to enter into the area of the standoff scene at which Will Lachney was located.

26.     Sometime after Sharon Lachney entered into the vicinity of Will Lachney, Bryan Bernard, individually and as employee or agent or officer of the City of Marksville, negligently and recklessly discharged a firearm in the direction of Will Lachney and Sharon Lachney.

27.     The bullet fired by Bryan Bernard made contact with Sharon Lachney causing her significant bodily injury.

28.     Santana Lachney, Da'Nayla Lachney, and Arthur Lachney witnessed the shooting of Sharon Lachney.

29.     Any objectively reasonable officer presented with the same or similar circumstances would not have permitted Sharon Lachney to approach Will Lachney or discharge a firearm in the direction of Will Lachney with Sharon Lachney in close proximity.

30.     The callous and deliberate indifference to the presence of Sharon Lachney at the standoff scene constitutes an unnecessary and wanton infliction of pain and suffering.

31.     Defendants, Douglas Anderson, Elster Smith, Jr., Dan Schaub, and Bryan Bernard are all natural persons and, therefore, are persons for purposes of this action pursuant to 42 U.S.C. §1983.

32.     Defendant, City of Marksville is a municipality and political subdivision of the State of Louisiana and is not an agency, department or arm of the State of Louisiana.  Therefore, City of Marksville is a "person" for purposes of 42 U.S.C. §1983.

33.     Defendant, Avoyelles Parish Sheriff's Office is not an agency, department or arm of the State of Louisiana. Therefore, the Avoyelles Parish Sheriff's Office is a "person" for purposes of 42 U.S.C. §1983.

34.     Defendant, Parish of Avoyelles, is a political subdivision of the State of Louisiana. Parish of Avoyelles is not an agency, department or arm of the State of Louisiana. Therefore, the Parish is a "person" for purposes of 42 U.S.C. §1983.

35.     At all times relevant hereto, Bryan Bernard was employed by and acting in the course and scope of his employment as an officer or agent of the City of Marksville.

36.     In working as an officer or agent and firing his duty weapon at on November 4, 2015, Bryan Bernard was acting under color of law.

37.     At all times relevant hereto, Dan Schaub was employed by and acting in the course and scope of his employment as an officer or agent of Douglas Anderson, Individually and in his Official Capacity as Avoyelles Parish Sheriff and the Avoyelles Parish Sheriff's Office.

38.     In working as an officer or agent on November 4, 2015, Dan Schaub was acting under color of law.

39.     At all times relevant hereto, Douglas Anderson was the duly-elected sheriff of Avoyelles Parish and was engaged and performing duties within the course and scope and his office and under color of law.  All actions attributable herein to Douglas Anderson were in furtherance of his position as Avoyelles Parish Sheriff.

40.     Thus, at all times material hereto, Douglas Anderson was acting under color of law when performing his duties as Avoyelles Parish Sheriff.

41.     The City of Marksville is a municipality and political subdivision of the State of Louisiana.

42.     The City of Marksville utilizes and/or employs its own police department known as the Marksville Police Department. The Chief of Marksville Police Department is Elster Smith, Jr. Smith is a "decision maker" and "policy maker" of not only the Marksville Police Department but also the Town of Marksville.

43.     At all times relevant hereto, Elster Smith, Jr. was the chief of police of the City of Marksville and was engaged and performing duties within the course and scope and his office and under color of law.  All actions attributable herein to Elster Smith, Jr. were in furtherance of his position as chief of police of the City of Marksville.

44.     Thus, at all times material hereto, Elster Smith, Jr. was acting under color of law when performing his duties as chief of police of the City of Marksville.

45.     The shooting sued upon herein occurred within the territorial jurisdiction of Avoyelles Parish and the City of Marksville.

46.     At all times material hereto, Chief Elster Smith, Jr., Marksville Police Department and Town of Marksville employed Bryan Bernard as a full-time police officer of the Marksville Police Department.

47.     Douglas Anderson is a "decision maker" and "policy maker" of the Avoyelles Parish Sheriff's Office.

48.     Parish of Avoyelles is a local governmental subdivision and political subdivision of the State of Louisiana.  The governing body of Avoyelles Parish is the Avoyelles Parish Police Jury.

49.     In both his individual and official capacity as Sheriff, Douglas Anderson was responsible for adopting, promulgating, implementing and enforcing policies, customs or practices pertaining to making arrests and preserving the peace within the Avoyelles Parish Sheriff's

Office's territorial jurisdiction, as well as other customs, policies or practices including customs, policies and practices regarding and governing the screening, hiring, discipline, training, supervision and retaining of officers to ensure that each officer was properly qualified and trained to perform the duties and functions of a peace officer, including making arrests, preserving the peace, the constitutional use of deadly force, and standoff procedures. These hiring customs, policies and practices include the proper scrutiny of the backgrounds of potential officer candidates, and the promulgation, enforcement and training on constitutionally-compliant use of deadly force policy.

50.     The need for such policies is so obvious that the failure to promulgate and enforce such policies amounts to deliberate indifference to the constitutional rights of those persons encountering the officers.

51.     Further, Douglas Anderson was responsible for adopting, implementing and enforcing policies to ensure the proper supervision, training of officers in making arrests and in the use of force including the use of deadly force, and standoff procedures within the contours of the United States Constitution and Louisiana State Constitution.

52.     In both his individual and official capacity as chief of police, Elster Smith, Jr. was responsible for adopting, promulgating, implementing and enforcing policies, customs or practices pertaining to making arrests and preserving the peace within the City of Marksville's territorial jurisdiction, as well as other customs, policies or practices including customs, policies and practices regarding and governing the screening, hiring, discipline, training, supervision and retaining of officers to ensure that each officer was properly qualified and trained to perform the duties and functions of a peace officer, including making arrests, preserving the peace, and the constitutional use of deadly force. These hiring customs, policies and practices include the proper

scrutinization of the backgrounds of potential officer candidates, and the promulgation, enforcement and training on constitutionally-compliant use of deadly force policy.

53.     The need for such policies is so obvious that the failure to promulgate and enforce such policies amounts to deliberate indifference to the constitutional rights of those persons encountering the officers.

54.     Further, Elster Smith, Jr. was responsible for adopting, implementing and enforcing policies to ensure the proper supervision and training of officers in making arrests and in the use of force including the use of deadly force within the contours of the United States Constitution and Louisiana State Constitution.

55.     However, the Avoyelles Parish Sheriff's Office, City of Marksville, and Parish of Avoyelles lacked a use of deadly force policy or standoff procedure policy, written or otherwise. The need for such policies is so obvious for the safety of the public and the protection of constitutional rights that the lack of such policies constitutes deliberate indifference and a reckless disregard for the public and plaintiffs' constitutional rights.

56.     The Avoyelles Parish Sheriff's Office, City of Marksville, and Parish of Avoyelles authorized the arming of officers and it was not only reasonably foreseeable but also a virtual certainty that authorized firearms would be used by officers in making arrests and preserving the peace, functions they were authorized to perform by Louisiana statute, and were performing on November 4, 2015.

57.     Bryan Bernard was authorized to carry a firearm or duty weapon in keeping with the custom, policy and practice of the City of Marksville and Parish of Avoyelles.  Despite arming officers, the City of Marksville and Parish of Avoyelles provided no training, prior to arming them or on an ongoing basis, regarding the constitutional limitations of the use of deadly force or "shoot,

don't shoot" scenarios that would have enabled them to make objectively reasonable decisions on when to use deadly force, nor did these defendants promulgate and enforce a written constitutionally-compliant use of deadly force policy.

58.     The lack of proper use of deadly force training and "shoot, don't shoot" training, resulted in, was a direct cause of and the moving force behind Bryan Bernard's shooting of Sharon Lachney when the circumstances were such that it was not objectively reasonable to use deadly force.

59.     Plaintiffs show that the conduct, acts and/or omissions of Elster Smith, Jr., Douglas Anderson, and Parish of Avoyelles, resulted in the implementation, utilization and execution of unconstitutional customs, policies and practices that were a direct and proximate cause and moving force of the shooting of Sharon Lachney.

60.     A municipality's policy of inaction despite awareness - constructive or actual - that its policy will cause a constitutional violation may be "'the functional equivalent of a decision by the city itself to violate the Constitution.'" *Connick v. Thompson*, 563 U.S. 51, 131 S.Ct. 1350, 1360, 179 L.Ed.2d 417 (2011) (citing City of *Canton, Ohio v. Harris*, 489 U.S. 378, 395, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989)). *Converse v. City of Kemah*, 2016 U.S. Dist. LEXIS 141647 * (S.D. Tex. Oct. 12, 2016).  These are standards recognized by the United States Supreme Court and, as decision makers and policy makers, defendants should have been well aware of these standards.  Thus, the failure of defendants to adopt, promulgate, implement and utilize appropriate use of deadly force standards is, in itself, a policy of inaction and, therefore, a decision to violate the Constitutional rights of those persons coming into contact with officers while they are performing their peacekeeping functions.

61. The lack of an appropriate use of deadly force policy or "shoot, don't shoot" policy constituted the official policy of defendants. This was in effect a "no policy is the policy" or a "policy of inaction" and constitutes a deliberate indifference to the constitutional rights of plaintiffs and those coming into contact with armed officers.

62. Plaintiffs next show that the failure to implement, enforce and train officers on an appropriate use of deadly force or "shoot or don't shoot" policy and standoff procedure policy was a direct and proximate cause of Dan Schaub and Bryan Bernard's negligence and recklessness.

63. Elster Smith, Jr. is a decision maker and policy maker of City of Marksville.

64. Douglas Anderson is a decision maker and policy maker of the Avoyelles Parish Sheriff's Office.

65. Elster Smith, Jr. possesses the authority to make decisions and policies on behalf of City of Marksville, and adopt, promulgate, implement, and enforce policies and procedures applicable to City of Marksville and, in particular, the functions of the peace officers serving within the territorial jurisdiction of the City of Marksville.

66. Douglas Anderson possesses the authority to make decisions and policies on behalf of the Avoyelles Parish Sheriff's Office, and adopt, promulgate, implement, and enforce policies and procedures applicable to the Avoyelles Parish Sheriff's Office and, in particular, the functions of the officers serving within the territorial jurisdiction of the parish of Avoyelles.

67. Through the exercise of policy making and decision making functions, Elster Smith, Jr. and Douglas Anderson have encouraged, tolerated and/or ratified the use of police tactics by Bryan Bernard and Dan Schaub, and perhaps other law enforcement officers in their respective departments, which are improper, constitute an excessive use of force, and that result in the violation of rights protected by the United States Constitution and Louisiana State Constitution.

68.     Elster Smith, Jr. and Douglas Anderson has tolerated and ratified the use of excessive force by Bryan Bernard and Dan Schaub, have failed to implement and enforce appropriate use of force policies, have failed to implement and enforce appropriate use of deadly force policies, and have essentially adopted, implemented, enforced, accepted and ratified a policy of "no policy is the policy" when it comes to the use of excessive or deadly force and standoff procedures by peace officers under their direct line of supervision.

69.     Plaintiffs sustained damages, both general and special, as a result of the severe injuries sustained by Sharon Lachney.

70.     Santana Lachney, Arthur Lachney, and Da'nayla Lachney have lost Sharon Lachney's love, companionship and affection, and they have suffered loss of society and consortium, mental anguish and anxiety, as well as emotional distress.

71.     Santana Lachney, Arthur Lachney, and Da'nayla Lachney were present and viewed the shooting of Sharon Lachney.  Because of witnessing these tragic events, Santana Lachney, Arthur Lachney, and Da'nayla Lachney have suffered mental anguish and emotional distress. Santana Lachney, Arthur Lachney, and Da'nayla Lachney are, therefore, entitled to recover these damages.

72.     In addition, Sharon Lachney is entitled to damages, both general and special, because of her own injuries.  Because of the gunshot wounds, Sharon Lachney sustained serious injuries and has experienced both physical and mental pain and suffering, mental anguish and anxiety, emotional distress, scarring and disfigurement, and other general damages, as well as special damages such as medical expenses, and lost wages.

73.     Plaintiffs are entitled to recover compensatory damages under 42 U.S.C. §1983 for all injuries suffered because of the violation of their constitutional rights under the Fourth and

Fourteenth Amendment of the United States Constitution.  These compensatory damages include plaintiffs' actual losses, physical pain and suffering, mental anguish, anxiety, and emotional distress, as well as all such other general and special damages suffered because of the violations alleged in this Complaint.

74.     Plaintiffs further show that under 42 U.S.C. §1983, they are entitled to recover punitive damages from the defendants sued in their individual capacities.

75.     Defendants demonstrated reckless indifference to the constitutional rights of the plaintiffs in the acts and omissions set forth hereinabove.

76.     Plaintiffs hereby incorporate all of the foregoing paragraphs and factual allegations of this Complaint in each of the Counts, whether specifically stated or not. It is plaintiffs' intent that all factual allegations contained within this Complaint, including the exhibits specifically incorporated in the Complaint by reference, are applicable to each of plaintiffs' claims, rights and causes of action in order to provide contextual specificity.

77.     Plaintiffs assert claims, rights and causes of action arising from violations and deprivations of their rights arising under the United States Constitution, including the Fourth and Fourteenth Amendments, which are enforceable under 42 U.S.C. §§1983 & 1988.  Plaintiffs seek compensatory damages, punitive damages (against the defendants sued in their individual capacities), attorney fees (under 42 U.S.C. §1988) and all taxable costs. Plaintiffs also assert claims, rights and causes of action arising under Louisiana state law including La-C.C. arts. 2315, 2315.6 2316, 2317 and 2320, the Louisiana Revised Statutes, and for violations of Article I, Sections 2 & 5 of the Louisiana Constitution.

## COUNT I

### 42 U.S.C. §1983 – General Statement Regarding Claims

78.     Plaintiffs hereby incorporate all of the foregoing paragraphs and factual allegations of this Complaint, as well as all facts set forth in the remainder of the Complaint, as if fully set forth herein.

79.     This Count is applicable to all defendants.

Plaintiffs bring this action under 42 U.S.C. §1983.

80.     42 U.S.C. §1983 provides that:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

81.     While 42 U.S.C. §1983 is not itself a source of substantive rights, it does provide a method for vindicating federal rights elsewhere conferred.  *Graham v. Connor*, 490 U.S. 386 (1989).

82.      Here, plaintiffs seek vindication of certain rights conferred upon them under the Fourth and Fourteenth Amendments to the United States Constitution including the rights to be free from unreasonable seizure and excessive force that defendants violated on November 4, 2015.

83.      Plaintiffs bring these against defendants in their individual capacities and official capacities.  Plaintiffs also bring these claims against City of Marksville, Avoyelles Parish Sheriff's

Office, and Parish of Avoyelles for "municipal liability" under *Monell v. Dept. of Soc. Services of New York*, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).

## COUNT II

### 42 U.S.C. §§ 1988 – Claim for Attorney Fees

84. Plaintiffs hereby incorporate all of the foregoing paragraphs and factual allegations of this Complaint, as well as all facts pled in the remainder of the Complaint, as if fully set forth herein.

85. This Count is applicable to all defendants.

86. Plaintiffs also bring this action under 42 U.S.C. §1988. 42 U.S.C. §1988 provides for an award of attorney's fees to prevailing plaintiffs in actions under 42 U.S.C. §1983.  Plaintiffs submit that an award of attorney fees would not be unjust and, therefore, plaintiffs seek an award of attorney fees for which defendants are liable.

87. Plaintiffs have had to retain counsel to prosecute their claims, rights and causes of action against these defendants and, therefore, plaintiffs and their counsel are entitled to an award of attorney fees.

## COUNT III

### Plaintiffs Seek Damages for Violations of 42 U.S.C. §1983

88. Plaintiffs suffered damages caused by defendants' violations of 42 U.S.C. §1983, and the deprivation of their constitutionally-protected rights.  The damages include compensatory damages, both general and special, as well as prejudgment interest on their compensatory damages.

89. Plaintiffs are also entitled to recover attorney fees under 42 U.S.C. §1988, as well as all taxable costs.

90.     Finally, the defendants sued in their individual capacity are liable for punitive damages.

## COUNT IV

### 42 U.S.C. §1983 - Plaintiffs' General Statement Regarding Claims for Deprivation of Rights Protected by the Fourth and Fourteenth Amendments To The United States Constitution

91.     Plaintiffs hereby incorporate all of the foregoing paragraphs and factual allegations of this Complaint, as well as all facts pled in the remainder of the Complaint, as if fully set forth herein.

92.     This Count is applicable to all defendants.

93.     Plaintiffs also bring this action under 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments to the United States Constitution for deprivation of their constitutionally-protected rights.   These rights include due process and equal protection under the Fourteenth Amendment, as well as rights guaranteed under the Fourth Amendment such as the right to be free from unreasonable seizure and excessive force.

94.     The Fourth Amendment of the U.S. Constitution provides, "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

95.     Section 1 of the Fourteenth Amendment of the United States Constitutions says:

All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life,

liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

96.    The defendants are liable to plaintiffs for all compensatory damages, attorney fees, punitive damages and costs to which they are entitled under the applicable law.

## COUNT V

Excessive Force by Unlawful Use of Deadly Force –
Deprivation of Rights Under the Fourth and Fourteenth Amendments
of the United States Constitution and 42 U.S.C. §1983

97.    Plaintiffs hereby incorporate all of the foregoing paragraphs and factual allegations of this Complaint, as well as all facts pled in the remainder of the Complaint, as if fully set forth herein.

98.    This action is brought against defendants in their individual capacities, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. §§1983 & 1988.

99.    Plaintiffs seek all damages to which they are entitled under the law including compensatory damages (both general and special damages), punitive damages, attorney fees and costs.

100.    Force is excessive, and therefore violates the Fourth Amendment of the United States Constitution, if it is not reasonable in light of the circumstances facing the officer.  See *Graham v. Connor*, 490 U.S. 386, 109 S.Ct. 1865 (U.S. 1989).

**COUNT VI**

Unreasonable Seizure
Deprivation of Rights Under the Fourth and Fourteenth Amendments
of the United States Constitution and 42 U.S.C. §1983

101.    Plaintiffs hereby incorporate all of the foregoing paragraphs and factual allegations of this Complaint, as well as all facts pled in the remainder of the Complaint, as if fully set forth herein.

**COUNT VII**

42 U.S.C. §1983 – Fourteenth Amendment to the United States Constitution –
Violation of Substantive Due Process Rights
Denial of Familial Relationship

102.    Plaintiffs hereby incorporate all of the foregoing paragraphs and factual allegations of this Complaint, as well as all facts pled in the remainder of the Complaint, as if fully set forth herein.

103.    Plaintiffs had a cognizable interest under the due process clause of the Fourteenth Amendment of the United States Constitution in being free from state actions that cause unwarranted interference with the plaintiffs' right to familial relationship.

104.    Defendants' intentional acts, omissions, conduct, and fault caused and resulted in the denial or violation of plaintiffs' constitutionally protected rights of person and liberty.

105.    The acts and omissions of defendants described herein and that constitute violations of plaintiffs' rights under the United States Constitution including the Fourth and Fourteenth Amendments have caused plaintiffs damages for which these defendants are liable. These damages including, but are not limited to, general and special damages, attorney fees, and costs for which defendants are liable.

## COUNT VIII

### 42 U.S.C. §1983 –Supervisory Liability

106.    Plaintiffs hereby incorporate all of the foregoing paragraphs and factual allegations of this Complaint, as well as all facts pled in the remainder of the Complaint, as if fully set forth herein.

107.    Plaintiffs show that Douglas Anderson and Elster Smith, Jr., in their individual capacities, are liable to plaintiffs for violation of their constitutional rights for failing to promulgate and enforce a constitutionally-compliant use of deadly force policy and standoff procedure, failing to adequately train officers on the constitutional limitations of the use of deadly force and standoff procedure, and for conduct that shows a deliberate indifference to the constitutionally-protected rights of those with whom officers come into contact while in the course and scope of their employment.

108.    "A failure to adopt a policy can be deliberately indifferent when it is obvious that the likely consequences of not adopting a policy will be a deprivation of constitutional rights." *Rhyne v. Henderson Cnty.*, 973 F.2d 386, 392 (5th Cir. 1992).  A supervisor may also be liable for failure to supervise or train if: "(1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference." *Goodman v. Harris Cnty.*, 571 F.3d 388, 395 (5th Cir. 2009).

## COUNT IX

### 42 U.S.C. §1983 – Violation of Fourth and Fourteenth Amendments
### Supervisory Liability

109.    Plaintiffs hereby incorporate all of the foregoing paragraphs and factual allegations of this Complaint, as well as all facts pled in the remainder of the Complaint, as if fully set forth herein.

110.    This Count is brought against Douglas Anderson and Elster Smith, Jr., in their official capacities, Avoyelles Parish Sheriff's Office, City of Marksville, and Parish of Avoyelles.

111.    Plaintiffs show that Douglas Anderson and Elster Smith, Jr., in their official capacities, Avoyelles Parish Sheriff's Office, City of Marksville, and Parish of Avoyelles are liable under 42 U.S.C. §1983 because the deprivation of plaintiffs' constitutionally-protected rights, arising under the Fourth and Fourteenth Amendments, occurred as a result of one or more customs, policies or practices of Douglas Anderson and Elster Smith, Jr., in their official capacities, whose acts may fairly be said to be those of Douglas Anderson and Elster Smith, Jr., in their official capacities, Avoyelles Parish Sheriff's Office, City of Marksville, and Parish of Avoyelles

112.    These defendants are also liable because of their deliberate indifference to the constitutional rights of the plaintiffs.

## COUNT X

### 42 U.S.C. §1983 – Violation of Fourth and Fourteenth Amendments
### Supervisory Liability

113.    Plaintiffs hereby incorporate all of the foregoing paragraphs and factual allegations of this Complaint, as well as all facts pled in the remainder of the Complaint, as if fully set forth herein.

114.     Through the individual actions or inactions of Douglas Anderson and Elster Smith, Jr. for such conduct as failing to adopt, promulgate and utilize an adequate policy for the vetting of officers, failing to properly train officers regarding use of force and use of deadly force and standoff procedure, and failing to adopt, promulgate and enforce an adequate force and use of deadly force policy and standoff procedure, Douglas Anderson and Elster Smith, Jr. are liable to plaintiffs because such actions and inactions were a direct cause of the shooting of Sharon Lachney.

## COUNT XI

### Punitive Damages

115.     Plaintiffs hereby incorporate all of the foregoing paragraphs and factual allegations of this Complaint, as well as all facts pled in the remainder of the Complaint, as if fully set forth herein.

116.     Plaintiffs show that under 42 U.S.C. §1983, punitive damages may be awarded if the official conduct of the defendant is motivated by evil intent or demonstrates reckless or callous indifference to a person's constitutional rights. *Sockwell v. Phelps*, 20 F.3d 187, 192 (5th Cir. 1994); *Smith v. Wagner*, 2015 U.S. Dist. LEXIS 105115 * (W.D. La. Aug. 10, 2015).

## COUNT XII

### Deprivation of Rights Under the Fourth, Fifth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. §1983

117.     Plaintiffs hereby incorporate all of the foregoing paragraphs and factual allegations of this Complaint, as well as all facts pled in the remainder of the Complaint, as if fully set forth herein.

## COUNT XIII

<u>Liability Under Louisiana State Tort Law –La-C.C. art. 2315, *et seq*.</u>

118.    Plaintiffs hereby incorporate all of the foregoing paragraphs and factual allegations of this Complaint, as well as all facts pled in the remainder of the Complaint, as if fully set forth herein.

119.    La-C.C. art. 2315 requires that every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.

## COUNT XIV

<u>Liability Under Louisiana State Tort Law –La-C.C. art. 2315, *et seq*. –<br>Intentional Assault and Battery</u>

120.    Plaintiffs hereby incorporate all of the foregoing paragraphs and factual allegations of this Complaint, as well as all facts pled in the remainder of the Complaint, as if fully set forth herein.

## COUNT XV

<u>Liability Under Louisiana State Tort Law –La-C.C. art. 2315, *et seq*. –<br>Intentional Infliction of Emotional Distress –</u>

121.    Plaintiffs hereby incorporate all of the foregoing paragraphs and factual allegations of this Complaint, as well as all facts pled in the remainder of the Complaint, as if fully set forth herein.

**COUNT XVI**

Liability Under Louisiana State Tort Law –
La-C.C. art. 2315.6

122.     Plaintiffs hereby incorporate all of the foregoing paragraphs and factual allegations
of this Complaint, as well as all facts pled in the remainder of the Complaint, as if fully set forth
herein.

123.     Santana Lachney, Arthur Lachney, and Da'nayla Lachney were present for and
viewed the events that resulted in the violent and traumatic shooting of Sharon Lachney.  As a
result, such plaintiffs suffered mental anguish and emotional distress as a result of bearing witness
to the tragic and gruesome shooting.

124.     Under La-C.C. art. 2315.6, such plaintiffs are entitled to recover all damages for
the mental anguish and emotional distress they suffered as a result of having viewed these events
which caused the shooting.

**COUNT XVII**

Liability Under Louisiana State Tort Law –
La-C.C. arts. 2315, 2316, 2317, and 2320

125.     Plaintiffs hereby incorporate all of the foregoing paragraphs and factual allegations
of this Complaint, as well as all facts pled in the remainder of the Complaint, as if fully set forth
herein.

**COUNT XVIII**

Municipal Liability Under La-R.S. 42:1441.3

126.     Plaintiffs hereby incorporate all of the foregoing paragraphs and factual allegations
of this Complaint, as well as all facts pled in the remainder of the Complaint, as if fully set forth
herein.

## COUNT XIX

### Liability for violations of Article I §2 of the Louisiana State Constitution

127.    Plaintiffs hereby incorporate all of the foregoing paragraphs and factual allegations of this Complaint, as well as all facts pled in the remainder of the Complaint, as if fully set forth herein.

128.    Article I §2 of the Louisiana State Constitution provides, in part, that "No person shall be deprived of life, liberty, or property, except by due process of law." LSA-Const. Art. 1 §2.

## COUNT XX

### Liability for violations of Article I §5 of the Louisiana State Constitution

129.    Plaintiffs hereby incorporate all of the foregoing paragraphs and factual allegations of this Complaint, as well as all facts pled in the remainder of the Complaint, as if fully set forth herein.

130.    Article I §5 of the Louisiana State Constitution establishes the rights of Louisiana's citizens to be "secure in his person, property, communications, houses, papers, and effects against unreasonable searches, seizures, or invasions of privacy. LSA-Const. Art. 1 §5.

## DEMAND FOR TRIAL BY JURY

131.    Plaintiffs hereby demand a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiffs, SHARON LACHNEY, ARTHUR LACHNEY & SANTANA LACHNEY, INDIVIDUALLY AND ON BEHALF OF THE MINOR CHILD, DA'NAYLA LACHNEY, AND DARRELL SAMPSON, ON BEHALF OF THE MINOR CHILD, DA'NAYLA LACHNEY demand and pray for Judgment against Defendants, CITY OF MARKSVILLE, ELSTER SMITH, JR., INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY

AS CHIEF OF POLICE, DOUGLAS ANDERSON, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS AVOYELLES PARISH SHERIFF, AVOYELLES PARISH SHERIFF'S OFFICE, BRYAN BERNARD, INDIVIDUALLY AND IN HIS CAPACITY AS EMPLOYEE OF CITY OF MARKSVILLE, DAN SCHAUB, INDIVIDUALLY AND IN HIS CAPACITY OF EMPLOYEE OF AVOYELLES PARISH SHERIFF'S OFFICE AND DOUGLAS ANDERSON, INDIDIVUALLY AND IN HIS CAPACITY AS AVOYELLES PARISH SHERIFF & PARISH OF AVOYELLES jointly, severally and/or *in solido*, as allowed by applicable law, for all sums reasonable in the premises, general and special damages, compensatory damages, punitive damages as allowed by law, attorney fees, all costs of these proceedings, prejudgment interest as allowed by law, legal interest from the date of judicial demand until paid, and any and all such other relief, whether in law or in equity, to which the plaintiffs are entitled.

RESPECTFULLY SUBMITTED:

ROY & SCOTT, ATTORNEYS AT LAW

BY:   /s/ Cory P. Roy
       CORY P. ROY (Bar Roll #27066)
       BRANDON J. SCOTT (Bar Roll #33362)
       BENJAMIN D. JAMES (Bar Roll #34402)
       107 North Washington Street
       Post Office Box 544
       Marksville, Louisiana 71351
       (318) 240-7800 - Telephone
       (318) 240-7815 – Facsimile
       **COUNSEL FOR PLAINTIFFS**